UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-16-12
```

CHARLES CHU,

                Petitioner,

-v-

DALE ARTUS, Superintendent, Clinton Correctional Facility

                Respondent.

No. 07 Civ. 6684 (RJS) (DF)
ORDER ADOPTING REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

*Pro se* Petitioner Charles Chu ("Petitioner") is incarcerated at the Clinton Correctional Facility in New York State and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 following his state convictions on charges of: (1) Murder in the Second Degree, in violation of N.Y. Penal Law § 125.25[1]; (2) Conspiracy in the Second Degree, in violation of N.Y. Penal Law § 105.15; and (3) Criminal Sale of a Controlled Substance in the Third Degree, in violation of N.Y. Penal Law § 220.39[1]. In his Amended Petition, Petitioner raises six grounds for habeas relief, asserting that: (1) the trial court's rulings pursuant to *Batson v. Kentucky*, 476 U.S. 79, 84 (1986), violated his right to a fair trial (Am. Pet. at 6–47); (2) he was denied the effective of assistance of trial counsel (*id.* at 39–47); (3) the evidence was not legally sufficient to support his conviction of second-degree murder (*id.* at 48–55); (4) his sentence was excessive (*id.* at 56); (5) the evidence was not legally sufficient to support Petitioner's conviction of third-degree criminal sale of a controlled substance (*id.* at 56–60); and (6) he was denied the effective assistance of appellate counsel (*id.* at 61–65).

On March 7, 2008, Respondent opposed the Amended Petition by filing an Answer (Doc. No. 11), together with a memorandum of law (Doc. No. 13), an affidavit with exhibits (Doc. No.

12), and the transcripts of Petitioner's pretrial proceedings and trial (Doc. No. 14–21). On September 8, 2008, Petitioner filed a reply in further support of his Amended Petition (Doc. No. 24).

By Order dated June 8, 2009, this matter was referred to the Honorable Debra Freeman, Magistrate Judge. (Doc. No. 25). Thereafter, on May 20, 2011, Judge Freeman directed the Respondent to serve and file a supplemental brief and additional records regarding Petitioner's claim that he was denied effective assistance of counsel. (Doc. No. 26.) Respondent filed a supplemental brief on July 7, 2011 (Doc. No. 29), and, on July 27, 2011, Petitioner filed a response to Respondent's supplemental briefing (Doc. No. 32).

On August 9, 2011, Judge Freeman issued a fifty-nine page Report and Recommendation (the "Report"), recommending that Petitioner's Amended Petitioner either be dismissed in its entirety as a "mixed petition" containing exhausted or unexhausted claims or, alternatively, that Petitioner's unexhausted claims "that are still capable of review in the state courts be deemed excised from the Amended Petition[] and the remainder of Petitioner's claims be dismissed as either non-cognizable, procedurally barred, or without merit." (Doc. No. 34 at 57.) In her Report, Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No party filed objections to the Report, and the time to do so has expired. *Cf. Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1993).

When no objections to a report and recommendation are made, the Court may adopt the report if there is no clear error on the face of the record. *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). After reviewing the record, the Court finds that Judge Freeman's well-reasoned and

careful Report is not facially erroneous. Accordingly, the Court adopts the Report in its entirety. For the reasons set forth therein, the Court deems Petitioner to have further amended his Amended Petition to excise all unexhausted claims that may still be capable of review in the state courts. As noted in Judge Freeman's Report, these claims include Petitioner's allegations that: (1) his trial counsel rendered ineffective assistance of counsel by failing to subpoena certain witnesses to testify at trial, by failing to move to dismiss a claim under the state mandatory joinder statute, and by failing to move to sever Petitioner's murder charge from the related charge against a co-defendant; and (2) his appellate counsel rendered ineffective assistance of counsel.[1] (*See* Report at 25–26.) Also for the reasons set forth in the Report, the Court dismisses the remainder of Petitioner's claims as non-cognizable, procedurally barred, and without merit, respectively.

A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:   July 16, 2012
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[1] Although Petitioner exhausted one of his claims as to whether his appellate counsel rendered ineffective assistance of counsel, his Amended Petition contains a number of challenges to his appellate counsel's conduct that were not raised in his state petition for a writ of error *coram nobis*. (*See* Report at 26.) Although these additional claims have not been exhausted, Petitioner "may still be able to raise [them] through a second *corum nobis* petition." (*Id.*)

3

A copy of this Order has been mailed to:

Charles Chu
98-A-5710
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929